**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dan Gallegos,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-07-2193-PHX-GMS<br><br>**ORDER** |

Pending before the Court are the Motion for Summary Judgment of Plaintiff Dan Gallegos (Dkt. # 10) and the Cross-Motion for Summary Judgment of Defendant Michael J. Astrue, Commissioner of Social Security (Dkt. # 14). For the reasons set forth below, the Court denies Plaintiff's motion and grants Defendant's cross-motion.

**BACKGROUND**

Plaintiff first applied for disability benefits on October 19, 2001, alleging a disability onset date of December 15, 1995. (*See* R. at 16.) Plaintiff's claim was initially denied, in part because he failed to show up for the ALJ's hearing. (*See* R. at 16.) Plaintiff argued that his absence was excusable, and the Appeals Council remanded for another hearing. (*See id.*) A supplemental hearing was held on January 19, 2006. (*See id.*)

In determining whether Plaintiff was disabled, the ALJ undertook the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520 (2003).[1] (R. at 16-23.) At step one, the ALJ determined that Plaintiff was not engaged in substantial gainful activity. (R. at 18.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of back, neck, and knee pain. (R. at 19.) At step three, the ALJ determined that none of these impairments, either alone or in combination, were severe enough to meet or equal any of the Social Security Administration's listed impairments. (*Id.*) At step four, the ALJ determined that Plaintiff did not retain the residual functional capacity ("RFC") to perform his past relevant work as a farm worker or security supervisor. (R. at 21.) At step five, the ALJ determined that Plaintiff could perform sedentary work, and therefore could perform a significant number of other jobs in the national economy. (R. at 19, 21.) Therefore, the ALJ concluded that Plaintiff was not disabled. (R. at 23.)

The Appeals Council declined to review the decision. (R. at 7-9.) Plaintiff filed the complaint underlying this action on November 12, 2007, seeking this Court's review of the

---

[1]Under that test:

> A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007) (internal citations and quotations omitted).

- 2 -

1  ALJ's denial of benefits.[2] (Dkt. # 1.) Plaintiff filed his Motion for Summary Judgment on
2  April 4, 2008. (Dkt. # 10.) Defendant filed his Cross-Motion for Summary Judgment on
3  May 5, 2008. (Dkt. # 14.)

## DISCUSSION

### I. Standard of Review

A reviewing federal court will only address the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a preponderance." *Id.* (quotation omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* (quotation omitted).

However, the ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

### II. Analysis

Plaintiff argues that the ALJ erred by: (A) misinterpreting the evidence (Dkt. # 12 at 4-5); (B) finding his testimony not credible (*id.* at 6); and (C) determining, without the

---

[2] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) (2004) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . .").

- 3 -

1 testimony of an orthopedic medical expert, that no social security listing was met (*id.* at 6-7).
2 The Court will address each of these arguments sequentially.

### A. Interpretation of the Medical Evidence

Plaintiff argues that the ALJ erred in interpreting the evidence. (Dkt. # 12 at 4-5.) Specifically, Plaintiff states that he was diagnosed with lumbar problems in 1991 (R. at 416, 423), subsequently had lumbar and thoracic fusions (*see* R. at 252, 465), and underwent several knee surgeries (*see* R. at 186-87, 195-96, 205-07, 287-88). Plaintiff then asserts that "it is not unreasonable that the claimant was in a disabling condition for at least two 12 month periods during this time frame merely for spinal problem[s], surgery, and convalescence from surgery." (Dkt. # 12 at 5.) Plaintiff makes a similar assertion regarding his knee surgeries. (*Id.*) Plaintiff, however, cites no evidence to support the proposition that the mere fact that he underwent surgery inherently caused him to be disabled for the requisite time period. (*See id.*)

As long as the ALJ's interpretation of the evidence is rational, this Court must defer to the ALJ's decision. *Batson*, 359 F.3d at 1198. Here, the ALJ did not disagree with any of the evidence to which Plaintiff refers. Indeed, the ALJ acknowledged that Plaintiff "has had several surgeries with periods of recovery which likely preclude work activity," but concluded that, based on the medical evidence in the record, "improvement nevertheless occurred within any twelve month period to the extent that [Plaintiff] could at least perform work activity at the sedentary level of exertion." (R. at 21.)

The ALJ based that conclusion on medical evidence in the record regarding Plaintiff's back and knee surgeries and his recoveries therefrom. For instance, X-rays taken of Plaintiff's knees following the surgeries showed that his knee prostheses were satisfactorily aligned and otherwise "unremarkable." (R. at 180-81, 274-78, 281-82, 385, 390, 392.) Plaintiff's doctors reported that he recovered well after surgery. (*See* R. at 250-51, 480.) Indeed, Plaintiff's doctors reported that Plaintiff reported feeling "much better" (R. at 847), was experiencing "not much tenderness" (*id.*), and was "not in apparent distress" upon examination (R. at 855). Plaintiff's examinations revealed intact sensation to thoracic

- 4 -

1 distribution of the spine (R. at 346, 383) with no area of thoracic atrophy (R. at 365). 2 Plaintiff had no upper or lower extremity atrophy (*id.*), intact upper and lower extremity 3 strength and sensation (*id.*), and no pain to thoracic or lumbar palpation (R. at 346, 365, 383). 4 Plaintiff also had a normal bilateral hip examination (R. at 365), and his progress notes 5 revealed no significant clinical findings (*see* R. at 302-59). In fact, those notes indicate that 6 Plaintiff was "doing fine except for occ[asional] pain in [the] knees and back." (R. at 330.) 7 Additionally, Plaintiff's physical therapy notes indicated that he was "doing excellent with 8 exercises and function" after surgery. (R. at 184.)

9 Moreover, other medical opinions regarding Plaintiff's condition are consistent with 10 the ALJ's assessment. As Plaintiff concedes, his evaluating doctors concluded that the onset 11 of Plaintiff's back pain would preclude "very heavy work," not all work (R. at 416), and 12 concluded that Plaintiff was capable of working in a position "that would not require 13 bending, lifting over 20 pounds, [] squatting, kneeling or climbing" (R. at 423). These 14 opinions are consistent with the ALJ's conclusion that Plaintiff was capable of performing 15 sedentary work. *See* 20 C.F.R. § 404.1567(a) (2007) (explaining that sedentary work activity 16 is the lowest level of work activity, requiring the exertion of less than ten pounds of force, 17 sitting most of the day, and standing or walking only occasionally).

18 Plaintiff does not argue against any of this evidence, and in fact identifies no evidence 19 in the record, medical or otherwise, that would tend to contradict the ALJ's conclusion.[3] 20 Plaintiff's contention that "it is not unreasonable that the claimant was in a disabling 21 condition" may be true, but a fact-finder could likewise rationally conclude that Plaintiff was 22 capable of performing at least sedentary work. Therefore, the Court must defer to the ALJ's 23 determination in this regard. *Batson*, 359 F.3d at 1198. The Court thus finds no error.

### B.    Subjective Complaint Testimony

---

[3]Regardless, even if Plaintiff did identify conflicting evidence, resolving such conflict and weighing the evidence is the province of the ALJ. *See Andrews*, 53 F.3d at 1039; *Batson*, 359 F.3d at 1198; *Matney*, 981 F.2d at 1019. Thus, the Court would not have a basis to reverse the ALJ's decision.

1    Plaintiff argues that the ALJ erred by discounting his subjective complaint testimony
2 of debilitating pain. (Dkt. # 12 at 6.) "Pain of sufficient severity caused by a medically
3 diagnosed 'anatomical, physiological, or psychological abnormality' may provide the basis
4 for determining that a claimant is disabled." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792
5 (9th Cir. 1997) (quoting 42 U.S.C. § 423(d)(5)(A) (2006)). "Once a claimant produces
6 objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's
7 subjective complaints based solely on [the] lack of objective medical evidence to fully
8 corroborate the alleged severity of pain." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir.
9 2004). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence
10 thereof, he or she may only find [the claimant] not credible by making specific findings as
11 to credibility and stating clear and convincing reasons for each." *Robbins v. Soc. Sec.*
12 *Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Specifically:

> The ALJ may consider at least the following factors when weighing the claimant's credibility: [the] claimant's reputation for truthfulness, inconsistencies either in [the] claimant's testimony or between her testimony and her conduct, [the] claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [the] claimant complains.

17 *Thomas*, 278 F.3d at 958-59 (internal quotations omitted). The ALJ's findings must be
18 "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit
19 claimant's testimony." *Id.* at 958.

20    Here, the ALJ found that Plaintiff's "pain symptomatology is generally consistent
21 with the impairments. The question is the degree of pain or pain severity." (R. at 20.) The
22 ALJ explained that the record was devoid of objective medical evidence to support the
23 allegation of disabling pain (R. at 20), and Plaintiff adduces none to this Court (*See* Dkt. #
24 12 at 6). The ALJ then considered the medical evidence in the record, which established that
25 Plaintiff's pain is reduced by medication. (R. at 20; R. at 56, 338, 342, 382.) Plaintiff
26 musters no argument against this evidence. (*See* Dkt. # 12 at 6.) The ALJ also pointed out
27 that Plaintiff is capable of performing a spectrum of daily activities that inform his work
28 capacity, such as being able to take his children to school and prepare dinner. (*See* R. at 19-

20; R. at 57.)  Again, Plaintiff offers no argument against this evidence (*see* Dkt. # 12 at 6), and similar evidence has been found to bear on the subjective complaint analysis, *see, e.g.*, *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (affirming the ALJ's credibility analysis where the ALJ "pointed out ways in which Rollins' claim to have totally disabling pain was undermined by her own testimony about her daily activities, such as attending to the needs of her two young children, cooking, housekeeping, [and] laundry").  Given the ALJ's findings in this regard, and Plaintiff's complete failure to dispute the factual predicates of those findings, the Court concludes "that the ALJ did not arbitrarily discredit claimant's testimony."  *Thomas*, 278 F.3d at 958.  Thus, the Court finds no error.

## C. Developing the Record

Plaintiff states that the ALJ was required to develop the record by calling an "orthopedic medical expert" at the hearing because an ALJ, as a lay person, cannot determine whether a claimant meets the Social Security Administration's disability listings. (Dkt. # 12 at 6.)  Plaintiffs' assertion fails for a number of reasons.

First, Plaintiff has failed to properly argue the point.  Plaintiff's half-page on the issue contains no citations to authority, no citations to the record, and no actual articulation of why an ALJ cannot apply the listings *in light of* the medical evidence.  "Our circuit has repeatedly admonished that we cannot manufacture arguments for an appellant . . . . Rather, we review only issues which are argued *specifically and distinctly* . . . ."  *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (internal quotations omitted and emphasis added).  Indeed, "[w]e require contentions to be accompanied by reasons," *id.* at 930, and when a claim of error is not properly argued and explained, the argument is waived, *see, e.g.*, *id.* at 929-30 (holding that a party's argument was waived because "[i]nstead of making legal arguments," the party simply made a "bold assertion" of error, with "little if any analysis to assist the court in evaluating its legal challenge"); *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding that an assertion of error was "too undeveloped to be capable of assessment" and therefore waived).  Thus, Plaintiff has waived this argument.

1    Second, even if the argument were not waived, the regulations are clear that the
2 determination of whether Plaintiff's impairments meet or equal a listed impairment is an
3 adjudicative determination, not a medical one. *See* 20 C.F.R. § 404.1527(e)(2) (2006)
4 ("Opinions on some issues, such as the examples that follow, are not medical opinions . . .
5 but are, instead, opinions on issues reserved to the Commissioner because they are
6 administrative findings that are dispositive of a case. . . . *Although we consider opinions from*
7 *medical sources on issues such as whether your impairment(s) meets or equals the*
8 *requirements of any impairment(s) in the Listing of Impairments . . . the final responsibility*
9 *for deciding these issues is reserved to the Commissioner.*") (emphasis added).[4]

10    Finally, while the ALJ does have a duty to develop the record in Social Security cases,
11 *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991), that duty is triggered only when
12 there is ambiguous evidence or when the record is inadequate to allow for a proper evaluation
13 of the evidence, *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the record
14 is neither ambiguous nor inadequate, for the ALJ *did* consider evidence offered by an
15 orthopedic surgeon, in concert with all of the other medical evidence presented. That
16 orthopedist concluded that the onset of Plaintiff's back pain precluded "very heavy work,"
17 but not all work. (R. at 416.) Thus, even if an orthopedic opinion was necessary to satisfy

---

[4]The Ninth Circuit, in several unpublished opinions, has disposed of similar arguments on the broader ground that the burden of proving that an impairment meets or equals a listing falls on Plaintiff, not the ALJ, *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005), and thus the ALJ does not err by failing to call an expert to establish Plaintiff's case, *see Yanez v. Astrue*, 252 F. App'x 792, 793-94 (9th Cir. 2007) ("Yanez also argues that the ALJ erred by failing to call a medical expert to testify whether his surgery fell within listing 1.03. Yanez has the burden of proving that his impairments meet or equal a listed impairment, and the ALJ did not err by failing to call an additional expert.") (internal citation omitted); *Crane v. Barnhart*, 224 F. App'x 574, 578 (9th Cir. 2007) ("Crane argues the ALJ erred by failing to develop the record through medical expert testimony regarding whether Crane's conditions were equivalent to any Social Security impairment listings. But, as the claimant, Crane bears the burden of proving he has an impairment that meets or equals the Social Security disability listings."). Thus, Plaintiff's argument fails under this analysis as well.

the ALJ's duty to develop the record, that opinion was present in the record and it supported the ALJ's determination of a sedentary RFC.  Plaintiff's argument therefore fails.

## CONCLUSION

The ALJ made no error of law and there is substantial evidence to support the ALJ's denial of benefits.

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Summary Judgment (Dkt. # 10).

**IT IS FURTHER ORDERED** granting Defendant's Cross-Motion for Summary Judgment (Dkt. # 14).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action.

DATED this 15th day of October, 2008.

*G. Murray Snow*
G. Murray Snow
United States District Judge